UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROCARLDO WEITERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14945** |
| **DARREL VANNOY, WARDEN LSP** | **SECTION "N"(4)** |

## ORDER AND REASONS

Before the Court is an ex parte Motion for More Definite Statement (Rec. Doc. No. 12) filed by the State on behalf of the respondent. In the motion, the State suggests that petitioner, Rocarldo Weiters has not provided specific factual support or argument in connection with some of the claims asserted in his petition. Instead, respondent contends that petitioner's summary reference to certain claims raised in his direct appeal and state post-conviction review are insufficient for counsel to formulate an adequate response.

As an initial matter, the Court notes that counsel for respondent has once again filed an ex parte motion without any indication of the consent of all parties and other parameters required for filing a motion with being set for submission. *See* L.R. 7.2, 7.3. In addition, the motion connotes what appears to be another effort for counsel to delay or avoid responding to the petition filed by Weiters and timely compliance with the Court's briefing order issued October 4, 2016. The Court does not find good cause to utilize the Federal Rules of Civil Procedure (as applicable under Rule 12 of the Rules Governing Section 2254 Cases) to accommodate counsel's apparent lack of earnest in responding to this case. Even if the Court were to consider the substance of the motion, the State has failed to establish a basis for the Court to require a more definite statement.

A district court will grant a motion for a more definite statement under Fed. R. Civ. P. 12(e) when the challenged pleading "is so vague or ambiguous that the [moving] party cannot reasonably

prepare a response." Rule 12(e) also requires that the moving party "must point out the defects complained above and the details desired." "When evaluating a motion for a more definite statement, the Court must assess the complaint in light of the minimal pleading requirements of Rule 8." *Babcock & Wilcox Co. v. McGriff, Siebels & Williams, Inc.*, 235 F.R.D. 632, 633 (E.D. La. 2006).

Rule 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To comply with Rule 8, "[s]pecific facts are not necessary; the statement need only give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted).

In light of the liberal pleading standard set forth in Rule 8(a), motions pursuant to Rule 12(e) disfavored and generally are granted only when the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it." *Babcock & Wilcox Co.*, 235 F.R.D. at 633; *Murungi v. Texas Guaranteed*, 646 F. Supp.2d 804, 811 (E.D. La. 2009). This Court "is given considerable discretion in deciding whether to grant a Rule 12(e) motion." *Murungi*, 646 F. Supp.2d at 811.

The Court recognizes that Weiters's *pro se* petition is not a model of clarity. However, under his straightforward statements in the form petition, and affording the matter the broad reading it is due under federal law, Weiters has identified the claims he wishes to assert in this federal petition. He has identified each of the claims asserted in his state direct appeal as listed in the petition at Question No. 9 and in his state post-conviction application as listed in the petition at Question No. 11. As counsel for respondent has recognized and conceded, the claims in fact are specifically listed by Weiters.

To the extent counsel for the State is searching for the supporting facts and arguments, Weiters has provided the road map by pointing to his state court pleadings. As a rule, Weiters is allowed only to bring those claims and supporting arguments that were exhausted through the state courts in a procedurally proper manner in those same proceedings he references at Question Nos. 9 and 11. In other words, only those claims and arguments raised in the state courts would be acceptable to support his listed claims here. Pursuant to the rules of broad construction and notice pleading, counsel for respondent, just as the Court, can and will have to peruse those state court pleadings (and related rulings) to determine the basis for the identified claims as raised and exhausted in those state courts. The State can rely on those arguments when responding to Weiters's petition and then can assert any appropriate defense to consideration of any claim not properly presented to this Court. For a *pro se* pleading, the Court cannot find that it "is so vague or ambiguous that the [State] cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Accordingly,

**IT IS ORDERED** that the respondent's Motion for More Definite Statement (Rec. Doc. No. 12) is **DENIED** because it is not properly filed as an ex parte motion and because the motion fails to establish a need for a more definite statement.

New Orleans, Louisiana, this   3rd   day of November, 2016.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3