UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICARLDO WEITERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14945** |
| **DARREL VANNOY, WARDEN LSP** | **SECTION "N"(4)** |

## ORDER AND REASONS

Before the Court is a **Motion for Stay and Abeyance of Federal Proceedings (Rec. Doc. No. 17)** filed by the petitioner, Ricarldo Weiters, in which he seeks to stay his federal petition for habeas corpus relief under 28 U.S.C. § 2254 to allow him time to exhaust remedies in the state courts on a claim of actual innocence based on newly discovered evidence which the State did not disclose.[1] The petitioner filed the motion *ex parte* without any indication of the consent of the opposing all party or the other parameters required for filing a motion without it being set for submission. *See* L.R. 7.2, 7.3. Nevertheless, for the reasons that follow, the motion is denied.

Weiters filed this federal habeas petition challenging his 2011 conviction for armed robbery in St. Tammany Parish for which he is serving a prison sentence of forty-four and one-half years.[2] Under a broad reading, he asserts the following grounds for relief raised in his state direct appeal and post-conviction application: (1) ineffective assistance of appellate and trial for failure to object to other crimes evidence, and failure to object to hearsay testimony; (2) inadmissible use of other crimes evidence; (3) insufficient evidence; (4) ineffective assistance of counsel for failure to call codefendant to testify, failure to transmit and negotiate a plea agreement,

---

[1]The motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and the Local Rules of this Court. A magistrate judge has authority to address a motion to stay a proceeding, when the order is not dispositive in that it merely suspends the proceedings and does not result in an absolute denial of ultimate relief. *Virgin Islands Water and Power Auth. v. Gen. Elec. Int'l Inc.*, 561 F. App'x 131, 133-34 (3rd Cir. 2014); *SEC v. CMKM Diamonds, Inc.*, 729 F.3d 1248, 1260 (9th Cir. 2013); *Powershare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 14 (1st Cir. 2010).

[2]Rec. Doc. No. 1.

denial of the right to testify, and failure to object to jury instructions; (5) improper jury instructions; and (6) actual innocence.

In response to the petition, the State asserts that Weiters timely filed his federal petition and after the federal petition was filed, completed exhaustion of state court review of these claims.[3] The State also asserts that one claim is in procedural default and the remaining claims can be dismissed as meritless or not cognizable on federal habeas review.

Weiters now asserts that he recently has sought review of his new claim of actual innocence in the state courts based on discovery of new evidence which had been withheld by the State. He has not asserted these claims in this federal petition nor has he attempted to do so. Weiters instead concedes that he filed the instant federal petition as a protective measure while he was attempting to complete review of the claims asserted in the petition, something which he has now accomplished. He also concedes that his new claim of actual innocence has not yet been exhausted through the state courts.

It is well settled that a petitioner must have exhausted state court remedies before seeking review in the federal courts. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)). The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court in a procedurally proper manner. *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A)); *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)).

---

[3] Rec. Doc. No. 16.

However, in *Pliler v. Ford*, 542 U.S. 225, 227 (2004), the Supreme Court addressed the availability of a stay-and-abeyance in connection with "mixed petitions" containing both exhausted and unexhausted claims. The *Pliler* court ultimately reiterated the long-standing directive that a mixed petition be dismissed without prejudice to require exhaustion. *Id*. at 233. The Supreme Court later held that stay-and-abeyance was an extraordinary remedy not to be made readily available to a habeas petitioner. *Rhines v. Weber*, 544 U.S. 269, 278 (2005). The *Rhines* Court cautioned that a stay-and-abeyance "should be available only in limited circumstances," and is appropriate only when the district court determines that there was "good cause" for the failure to exhaust. *Id*. at 277. In the case of a mixed petition, the Supreme Court also has allowed the filing of a "protective petition," like this one filed by Weiters, <u>only</u> when the petitioner has been pursuing exhaustion diligently and in a procedurally proper manner as required by law. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-17 (2005).

At the time of filing, Weiters had not exhausted state court review of the issues raised in this federal petition. As the State has conceded, his state court filings up to that point tolled the federal statute of limitations for seeking relief under § 2254, but he had not allowed the state courts to complete review. Since the filing of this petition, however, the Louisiana Supreme Court denied the writ application that was pending, which has now completed his exhaustion as to the current issues. The petition, therefore, is no longer a "mixed" petition and no longer in the category of cases for which a stay is allowed by Supreme Court precedent.

Weiters contends, however, that he has another claim of actual innocence which he wants to exhaust through the state courts, a claim that is not included in the instant federal petition. Unlike the situation where a protective filing or a stay is appropriate, Weiters has not established that he presented his new claim of actual innocence to the state courts in a procedurally proper

manner or that he has received review of the merits of the new claim, as opposed to being faced with a procedural bar to review in the state courts as repetitive or successive or untimely. He also has not indicated when he discovered the alleged new evidence as a basis for his claim to show that he is acting diligently, as opposed to piece-mealing his claims.

Furthermore, there is no reason for the Court to provide the extreme remedy of a stay on the information provided by Weiters or the current record. If his new claim has merit, he would not be prohibited from seeking federal habeas relief upon completion of state court review. There is no free-standing claim of actual innocence in the law which would provide Weiters federal habeas corpus relief. *McQuiggin v. Perkins*, __ U.S. __, 133 S. Ct. 1924, 1931 (2013) (citing *Herrera v. Collins*, 506 U.S. 390, 404-05 (1993)). However, the Supreme Court has recognized that a credible showing of actual innocence may act as a gateway to overcome a procedurally defaulted or untimely filed federal habeas corpus claim to allow for review of the merits. *Id.*, 133 S. Ct. at 1931. Thus, Weiters's new claim of actual innocence being pursued in the state courts would not be cognizable on its own. Instead, his new claim would act as grounds for Weiters to seek leave to file a successive federal petition or perhaps overcome some other procedural bar upon completion of state court review.

Thus, there is no compelling reason for this Court to stay the current petition that Weiters unnecessarily chose to prematurely file to allow him to complete exhaustion of an actual innocence claim which would provide him no independent basis for federal habeas relief. He has not demonstrated any good cause to stay this matter at this time and under these circumstances.

Accordingly,

4

**IT IS ORDERED** that Ricarldo Weiters's **Motion for Stay and Abeyance of Federal Proceedings (Rec. Doc. No. 17)** is **DENIED**.

New Orleans, Louisiana, this 24th day of February, 2017.

*[signature]*

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**